UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTINE M. ROBERGE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 03-1008 (RCL) |
| ELI LILLY AND COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Plaintiff's Motion [19] to Alter or Amend Judgment. In the Court's Memorandum Opinion [18] issued March 11, 2005, it granted Defendant Eli Lilly and Company's Motion for Summary Judgment and dismissing the above-captioned case with prejudice. Upon consideration of the plaintiff's motion, the opposition thereto, the applicable law, and the entire record in this case, the Court will deny the plaintiff's motion.

**I.     Background**

On March 11, 2005, the Court issued a Memorandum Opinion and Order ("Memorandum Opinion") granting defendant Eli Lilly and Company's motion for summary judgment. The Court found that her claim was barred by the statue of limitations under the District of Columbia discovery rules.

In the instant motion, plaintiff maintains that the Court misunderstood the facts and argues that some form of actual notice of wrongdoing is required for a claim to accrue under the

District of Columbia discovery rule. Plaintiff also argues that the Court found as a matter of law that the plaintiff was "sophisticated and knowledgeable in the field of Obstetrics and Gynecology," Pl.'s Mot. at 1, and that therefore the plaintiff was on inquiry notice of the accrual of her claim. Specifically, the plaintiff maintains that the she was "entitled to a jury determination of her level of sophistication, her familiarity with drug product liability and the details of the environment she was in." Id. at 2.

## II.   Applicable Law

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move the Court to alter or amend a judgment within 10 days of the entry of the judgment. See Fed. R. Civ. P. 59(e). A court has considerable discretion under Rule 59(e), and the alteration or amendment of a judgment is an extraordinary measure, see Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam), that need not be taken unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice. Firestone, 76 F.3d at 1208. Moreover, a Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993); W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997).

## III.   Discussion

In order to prevail on plaintiff's Rule 59(e) motion, any intervening change must be significant enough to convince the court that a reasonable juror could conclude that the plaintiff

had insufficient knowledge to be on inquiry notice of her claim. The plaintiff's motion does not justify an alteration or amendment of the Court's March 11, 2005 Memorandum Opinion.

Plaintiff first argues that under the District of Columbia discovery rules, some form of actual notice was needed for a claim to accrue. This Court disagrees. It is well established in this Court that inquiry notice is sufficient to start the statute of limitations. In order for a cause of action to accrue, "one must know (or by the exercise of reasonable diligence should know) (1) of the inquiry, (2) its cause in fact and (3) of some evidence of wrongdoing." Mem. Op. 9-10 (quoting Bussineau v. President and Directors of Georgetown Coll., 518 A.2d 423, 425 (D.C. 1986); see also Diamond v. Davis, 680 A.2d 364, 379-380 (D.C. 1996) (establishing the "inquiry notice" standard and adopting an objective standard of care to evaluate diligence in investigating a claim). In fact, after Bussineau and Diamond, the law concerning the statute of limitations "requires only that the plaintiff have inquiry notice of the existence of a cause of action." Doe v. Medlantic Health Care Group Inc., 814 A.2d 939, 945 (D.C. 2003) (citations omitted). Therefore, plaintiff's claim has expired.

Plaintiff also contends that the Court inappropriately found "as a matter of law that the plaintiff was sophisticated and knowledgeable in the field of Obstetrics and Gynecology." Pl.'s Mot. at 1. Plaintiff is mistaken. This Court found as a matter of fact that plaintiff failed to take advantage of the resources that were accessible to her and failed to investigate the possibility of filing suit against DES manufacturers. Thus, the Court concluded, no reasonable juror could find that plaintiff was not on inquiry notice that DES could be potentially harmful to her health.

Plaintiff worked for an Obstetrics and Gynecology practice for many years, where she had unfettered access to records documenting numerous cases of women with health problems

resulting from DES exposure. In addition, medical experts informed plaintiff of the health risks associated with exposure to DES. Dr. Soni told plaintiff that she had been a DES baby, that she was therefore susceptible to health risks, and that she needed to be diligent in having yearly Pap smears. Mem. Op. at 13. Several years later, plaintiff was told that in utero DES exposure had an effect on the development of her reproductive tract that caused her to have a T-shaped uterus. Despite all this, plaintiff failed to investigate the cause of her injuries. Mem. Op. at 14.

Though plaintiff is no more sophisticated with respect to DES-related injuries than an ordinary person, and though she has no special medical skills, there is ample evidence in the record that plaintiff had continual access to resources that would have allowed her to investigate the possibility of filing a law suit based on DES exposure. In light of these facts, the Court concluded that no reasonable juror could find that plaintiff was not on inquiry notice in that medical experts were discussing her exposure to DES. Based on these considerations, plaintiff's arguments are not sufficient, pursuant to Rule 59(e), to warrant amendment or alteration of the Court's prior judgment.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that plaintiff's motion [19] to alter or amend this Court's judgment in this case is DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, October 21, 2005.